IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| KIRSTEN SHARP, )<br>)<br>Plaintiff, )<br>) Civil Action No. 3:05-CV-668 TSL-JCS<br>v. )<br>)<br>SIEMENS POWER TRANSMISSION )<br>& DISTRIBUTION, INC., )<br>)<br>Defendant. )<br>) | |

**AGREED MOTION FOR A PROTECTIVE ORDER**
**AND ORDER GRANTING SAME**

The parties to this action acknowledge that many of the documents requested by Plaintiff Kirsten Sharp ("PLAINTIFF") in her discovery requests contain confidential and proprietary information of Siemens Power Transmission & Distribution, Inc. ("Siemens" or "DEFENDANT") and confidential information pertaining to current and former employees of Siemens which may not be improperly divulged. Siemens is willing to produce non-privileged relevant documents that contain confidential and/or proprietary information as long as PLAINTIFF and her attorneys agree to limit the use of such information solely to this action and in strict accordance with the terms and conditions of this Protective Order. Therefore to preclude discovery problems and to protect against unauthorized dissemination and use of the confidential and proprietary information disclosed by the parties and their counsel in this action, the parties voluntarily agree and stipulate to the terms of this Protective Order and move this Court pursuant to Rule 26, Fed. R. Civ. P., for entry of the Order as set forth below.

<u>PROTECTIVE ORDER</u>

Upon consideration of the parties' stipulation for a Protective Order concerning certain information and documents which have been or may be provided by Siemens to Plaintiff, the parties, and it appearing to the Court that sufficient cause exists for the issuance of a Protective Order, IT IS HEREBY ORDERED as follows:

1.   In accordance with the provisions set forth below, the Court intends that sensitive and confidential information and documents produced, obtained, or exchanged in the course of this action shall be used by the party to whom such documents are produced, obtained, or exchanged solely for the purpose of this lawsuit and for no other purpose.  All use and disclosure of confidential and proprietary information shall be confined to what is reasonably necessary to effectively defend or prosecute this action.  The parties and their attorneys may not share confidential information and documents obtained in the present lawsuit with any other persons or their attorneys except as provided hereunder.  The term "information" as used herein is specifically defined as that information designated as "confidential" as that term is defined in paragraph 2 of this Order.

2.   The parties agree that the following documents and information are confidential or propriety and shall be deemed Confidential within the meaning of this Agreement:  Personnel files of employees other than the Plaintiff; and employee performance assessments.

3.   Either party may designate a document as Confidential pursuant to the terms of this Order by affixing to the first page thereof a stamp with the legend "Confidential" or may, in the alternative, by written notice inform opposing counsel that the document is to be treated as Confidential Information.  Any documents not designated confidential by one of these methods shall not be considered confidential.

4. Confidential Information shall be produced only to counsel of record in this action, each of whom is bound by the terms of this Order. Counsel shall maintain the security of the Confidential Information and data by retaining all such information and data in its office and/or possession, custody and control at all times.

5. Neither the Confidential Information nor its contents shall be disclosed to any other persons without the agreement of the party designating information as Confidential, except that counsel may, without further agreement, disclose the contents to the following persons for use solely in connection with this action under the following conditions:

    a. The parties to this action;

    b. Attorneys, legal assistants, and employees of the attorneys who have a need to handle the Confidential Information under normal office procedure;

    c. Experts or consultants retained by the parties with respect to this action;

    d. Any person from whom testimony has been taken or is reasonably expected to be taken in this action (whether by deposition or at trial);

    e. This Court and its staff; and

    f. Any court reporters present in their official capacity at any hearing, deposition, or other proceeding in this action.

6. Each person referred to in subparagraphs 5(c) and 5(d) who has been shown or given access to Confidential Information, or information derived therefrom, shall sign the form attached as Exhibit A to this Order, stating that he or she has read a copy of this Order and agrees to be bound by its provisions. The signed form shall be retained by counsel for the party who provides such material or information to such person and shall upon request be provided to counsel for the opposing party. This requirement is not intended to apply to the disclosure of

confidential information or documents to the individual to whom such information of documents pertains.  For example, an employee or former employee of Siemens need not sign Exhibit A to discuss or review his own personnel file or information relating to his or her own employment with Siemens.  The requirement applies, however, to former employee's discussion or review of any other individual's confidential information.

7. Either party may also designate all or a portion of a deposition as Confidential Information by notifying the other party in writing within (20) days of receipt of the transcript or within twenty (20) days of the entry of this Order, whichever is later, of the portions that are designated Confidential.  All depositions shall be treated as confidential during this twenty (20) day period.

8. Confidential Information shall be used solely for the purpose of prosecution or defense of this action, and such documents may be used, consistent with the terms of this Order, in pretrial discovery, in support of motions submitted to this Court, and at the trial or preparation for trial and any appeals of this action.  The use of Confidential Information at trial, in motions, or at depositions shall not be deemed a waiver of this Order, and the parties and their attorneys shall be required to comply with the terms of this Order other than as specified.

9. This Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information.

10. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

    a. operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or

    b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

    c. prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced; or

    d. prejudice in any way the rights of a party to apply to the Court for additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

  11. The Confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

  12. At the conclusion of this action, including any appeal taken from a final judgment entered herein, the parties shall return to the opposing party or destroy all Discovery Material produced hereunder which have been designated "Confidential", including any copies, at the option of the opposing party.  The termination of this litigation shall not relieve any person who had access to such Discovery Material designated "Confidential" from the obligations imposed by this Stipulation and Order.

  13. Either party may at any time and for any reason seek modification of this Protective Order.  This Protective Order can be modified only by written agreement of the parties or by the Order of this Court.  Each party reserves the right to object to any party's motion or request to modify this Protective Order.

**THE UNDERSIGNED HEREBY CONSENT TO THE FORM AND ENTRY OF THIS ORDER:**

**For the Defendant:**

4-5-06                                               /S/ Dana L. Rust
Date                                                 Dana L. Rust
                                                     Admitted *Pro Hac Vice*

                                                     McGuireWoods LLP
                                                     901 East Cary Street
                                                     One James Center
                                                     Richmond, Virginia 23219
                                                     (804) 775-1000

**For the Plaintiff:**

4-5-06                                               /s Nick Norris
Date                                                 Nick Norris

                                                     Louis H. Watson, Jr., P.A.
                                                     520 East Capitol Street
                                                     Jackson, Mississippi 39201



The foregoing stipulated Protective Order is approved and SO ORDERED this 6th day of April, 2006.


                            S/James C. Sumner
                    UNITED STATES MAGISTRATE JUDGE

6

**EXHIBIT A**

The undersigned has read the annexed Protective Order in <u>Kirsten Sharp v. Siemens Power Transmission & Distribution, Inc.</u>, Civil Action No. 3:05-CV-668 TSL-AGN (U.S.D.C. S.D. MS), understands its contents, and hereby undertakes to make no disclosures of any Confidential Information, as that term is defined in the annexed Protective Order, to any person who is not permitted to have access to such Confidential Information by the Protective Order. In addition, the undersigned agrees not to use such Confidential Information for any purpose whatsoever other than in connection with this action. The undersigned agrees either to return all Confidential Information supplied by any party, directly or indirectly, and all copies thereof and all notes or other transcriptions made therefrom, to the party producing the Confidential Information, or to destroy all copies of all Confidential Information, including any notes or other transcriptions made therefrom, within thirty (30) days of the conclusion of this action and appeals thereof. The undersigned understands that a violation of the undertaking is punishable as contempt of court.

Date: _____   Name: _____
(print or type)

**Signature:** _____