```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF MISSISSIPPI
                JACKSON DIVISION
```

KIRSTEN SHARP                                          PLAINTIFF

VS.                                CIVIL ACTION NO. 3:05CV668LS

SIEMENS POWER TRANSMISSION &
DISTRIBUTION, INC.                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Siemens Power Transmission & Distribution, Inc. (Siemens) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff Kirsten Sharp has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be granted in part and denied in part.

Plaintiff Kirsten Sharp, who is white, filed this action alleging claims of race discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. And 42 U.S.C. § 1981, along with a state law claim of intentional infliction of emotional distress.  In response to defendant's summary judgment motion, plaintiff has conceded that her state law claim of intentional infliction of emotional distress is due to be dismissed and therefore, that aspect of defendant's motion will be

granted as confessed, leaving for consideration plaintiff's race discrimination and retaliation claims.

As the basis for these claims, plaintiff alleges that in February 2005, while employed in a temporary position with Siemens at its facility in Richland, Mississippi, she applied for the position of materials administrator, a permanent position,[1] but was not selected for the position, which was instead offered to Tiffany Girdle, who is black. Plaintiff charges that she was denied this position because of her race. She further alleges that shortly after she complained to management that she had been discriminated against on account of her race and advised that she intended to file a charge of race discrimination with the EEOC, she was told that her temporary employment would not be extended and that her last day of employment would be July 10, 2005. Plaintiff maintains that the decision not to extend her temporary employment was in retaliation for her complaints of race discrimination.

In its motion for summary judgment, defendant argues that plaintiff cannot establish a prima facie case of race discrimination because she cannot show she was qualified for the position she sought. See Rios v. Rossotti, 252 F.3d 375, 378 (5th

---

[1] Although it appears this was a position for a laser engraver, and is referred to as such by defendant, plaintiff refers to the position as a "material administrator" position or position in "material administration."

2

Cir. 2001) ("In order to establish a prima facie case of discrimination based on race or national origin, a plaintiff must usually show that (1) she suffered an adverse employment action; (2) she was qualified for the position; (3) she was within the protected class at the time of the decision; and (4) the person selected was not within the protected class."). According to defendant, plaintiff's own testimony establishes that she lacked the necessary experience and skills for the job. Moreover, her unsatisfactory work performance in her temporary position, as reported to the white decision-maker (Charles Herrington) by plaintiff's white manager (Bill Moak) caused Herrington to "disqualify" plaintiff from consideration for the position at issue.[2]

In the court's opinion, plaintiff has presented evidence that creates a genuine issue of material fact on her claim of race discrimination.[3] Specifically, while defendant argues that

---

[2] Defendant's allegation of poor work performance is presented by defendant both as a shortcoming in plaintiff's prima facie case and as part of defendant's proffered legitimate nondiscriminatory reason for the non-selection of plaintiff for the position. The court's conclusion that there are issues of fact regarding this issue, among others, applies equally whether the focus is on plaintiff's prima facie case or defendant's proffered legitimate nondiscriminatory reason.

[3] Among the materials submitted by plaintiff is her own affidavit. Defendant has moved to strike portions of the affidavit as impermissible speculation, i.e., not being based on plaintiff's personal knowledge. Even if her affidavit were stricken, the court would conclude that summary judgment is not in order, and for that reason, the motion to strike is essentially

plaintiff lacked specific experience and skills required for the position, plaintiff has presented evidence that Girdle, the individual selected for the job, not only lacked the very same experience and skills that are claimed to have disqualified plaintiff from consideration, but that in fact, plaintiff was called upon to fill in for Girdle after Girdle was hired for the position because Girdle could not properly perform the duties of the job.  Moreover, plaintiff has presented evidence challenging defendant's proof that her prior work at the company had been unsatisfactory; and she has presented evidence that Mr. Herrington was not, in fact, the decision-maker, or perhaps not the sole decision-maker.  To the point, she has presented proof that William Johnson, a black manager, told her that Girdle had gotten the job as a result of his efforts, that affirmative action was "on his side," and that defendant's plant was not made for "lilly whites."  The court will therefore deny defendant's motion for summary judgment on plaintiff's discrimination.

However, the court concludes that summary judgment should be granted on her retaliation claim.  To state a claim of retaliation under Title VII, plaintiff must prove that (1) she engaged in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) a causal nexus existed between the protected activity and the adverse employment action.  <u>Green v.</u>

---

moot.

Administrators of Tulane Educational Fund, 284 F.3d 642, 657 (5th Cir. 2002).  In support of its motion, defendant has presented proof that the ultimate decision not to extend plaintiff's temporary employment was made by Marcus Horn, who had no knowledge of plaintiff's discrimination complaint at the time of his decision.[4]  Plaintiff has offered no proof to the contrary.  See Strickland v. Water Works & Sewer Bd., 239 F.3d 1199, 1208 (11th Cir. 2001) (11th Cir. 1997) ("A decision maker cannot have been motivated to retaliate by something unknown to him."); Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998) ("[E]mployer's knowledge that the plaintiff engaged in protected activity is absolutely necessary to establish . . . prima facie case").  As plaintiff has not presented proof in support of the third element of her prima facie case, summary judgment on her retaliation claim is in order.

Based on the foregoing, it is ordered that defendant's motion is granted in part and denied in part as set forth herein.

SO ORDERED this 8th day of September, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[4]  Other grounds are also urged in support of defendant's motion on this claim, but they need not be reached.

5